UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL L. WALLACE,

    Plaintiff,

v.                                                                                  Case No.
                                                                             Hon.

OAKWOOD HEALTHCARE, INC.
EMPLOYEE WELFARE BENEFIT PLAN, an
Employee welfare benefit plan,
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, a
Connecticut corporation, and
RELIANCE STANDARD LIFE INSURANCE
COMPANY, an Illinois company,

    Defendants.
_____

JOHN JOSEPH CONWAY (P56659)
JOHN J. CONWAY, P.C.
Attorney for Plaintiff
26622 Woodward Ave., Suite 225
Royal Oak, MI 48067
313-961-6525
jj@jjconwaylaw.com
_____

**PLAINTIFF'S COMPLAINT FOR ENFORCEMENT OF THE RIGHT TO EMPLOYEE WELFARE BENEFITS UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974**

       PLAINTIFF CHERYL L. WALLACE, by her attorneys, JOHN J. CONWAY, P.C., and for her Complaint against DEFENDANTS OAKWOOD HEALTHCARE, INC. EMPLOYEE WELFARE BENEFIT PLAN, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, a Connecticut corporation, and

RELIANCE STANDARD LIFE INSURANCE COMPANY, an Illinois company states as follows:

## NATURE OF THE ACTION AND JURISDICTION

1. This is a civil action brought pursuant to ERISA §502, 29 U.S.C. §1132(a)(1)(B) and § 1133 regarding the breach of the terms of an employee welfare benefit plan and for the purpose of compelling the Defendant Hartford Life and Accident Insurance Company to provide certain long term disability benefits in the amounts and at the coverage levels promised, as well as for an accounting, and an award of attorney fees and costs incurred as a consequence of the Defendant's failure to do so.

2. This Court has jurisdiction pursuant to ERISA §502(e)(1), (f), 29 U.S.C. §1132(e)(1), (f), and 28 U.S.C. §2201, and Plaintiff has exhausted all required administrative remedies, or such remedies are futile or the appeal is "deemed denied" according to U.S. Department of Labor Regulations, specifically, 29 C.F.R. §2560.503-1.

3. Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. §1132(e)(2) since Defendant's breaches took place in this jurisdiction; Defendant conducts and transacts business in this jurisdiction; and Plaintiff resides in this jurisdiction. Additionally, Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201.

## THE PARTIES

4.  Plaintiff Cheryl L. Wallace ("Plaintiff") is and was, at all relevant times, a "participant" within the meaning of ERISA § 3(7), 29 U.S.C. §1002(7), in an ERISA qualified welfare benefit plan ("the Plan,") by virtue of Plaintiff's employment with the Oakwood Healthcare, Inc. Health System ("Oakwood.") Plaintiff resides in Brownstown, Wayne County, Michigan.

5.  Defendant Oakwood Health System, Inc. Employee Welfare Benefit Plan is an ERISA qualified employee benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. §1002(1). Owing the insurance coverage dispute in this matter, Oakwood's employee plan is necessary party for full relief to be afforded the Plaintiff.

6.  Defendant Hartford Life and Accident Insurance Company ("Hartford") is a Connecticut corporation that is and was, at all relevant times, the claims administrator and insurer of the long term disability portion of the employee welfare benefit plan ("the Plan") for Oakwood plan participants like Plaintiff. Defendant Hartford is and was, at all relevant times, a provider of Plaintiff's disability income replacement insurance benefits.

7.  Defendant Reliance Standard Insurance Company ("Reliance") is an Illinois corporation that is and was, at all relevant times, the claims administrator

and insurer of the long term disability portion of the employee welfare benefit plan ("the Plan") for Oakwood plan participants like Plaintiff. Defendant Reliance is and was, at all relevant times, a provider of Plaintiff's disability income replacement insurance benefits.

8. Under the terms of the Plan and contracts at issue, Defendants Hartford and Reliance sought discretion from Oakwood to administer their disability insurance program and reserved unto themselves full and final administrative responsibilities so that they both, at different yet relevant times, acted as both the Plan's insurer and Plan's administrator within the meaning of ERISA §3(16), 29 U.S.C. §1002(16)(A)(i).

9. All documents referenced in this Complaint are in the possession of the Defendants. A copy of the certificate of insurance for the Hartford is attached hereto as **Exhibit One**. A copy of the certificate of insurance for Reliance is attached hereto as **Exhibit Two**.

## GENERAL ALLEGATIONS

10. Plaintiff realleges all preceding paragraphs.

11. On October 8, 2012, Plaintiff, a dedicated registered nurse and long term employee working for the Oakwood Health System took a medical leave owing to a serious and worsening health condition. The condition stemmed from a viral infection contracted while traveling outside of the United States.

12. The Plaintiff's illness resulted in a progressive form of adrenal insufficiency which is severe and debilitating.

13. Plaintiff's condition had its origins in the infection of the pituitary gland.

14. The resultant effects of the Plaintiff's condition is life-altering fatigue, hormonal disruption, and cognitive impairment.

15. Prior to the filing of her claim long-term disability claim, Plaintiff had taken periods of approved intermittent medical leave owing to the disabling nature of her illness and state of health.

16. Plaintiff's "own occupation" also required her to work intensively in a high paced, stressful, and sensitive medical capacity as a nurse in the Oakwood Health System.

17. There appears to be no dispute that Plaintiff's medical condition did, in fact, render her "totally disabled" during the period in question, and that both Defendants made their determination based on the eligibility coverage provisions of their respective contracts.

18. Defendant Hartford's contract contains a standard contractual provision known as an "Elimination Period," or waiting period before disability benefits are paid.

19. Under the Hartford contract, the "Elimination Period" is defined as:

> **Elimination Period** means the longer of the consecutive days at the beginning of any one period of Disability which must elapse before benefits are payable or the expiration of any Employer sponsored short term Disability benefits of salary continuation program, excluding benefits required by state law.

20. Under the Hartford contract, the Elimination Period is listed as "180 days." (Ex. 1, p. 8).

21. Under the Hartford contract, a corollary provision of the Elimination Period is a provision entitled, "Recurrent Disability."

22. Protection for "Recurrent Disability" is provided for as a contractual benefit, and the relevant provision reads in pertinent part:

> **Recurrent Disability**: *What happens if I Recover but become Disabled again?* Periods of Recovery during the Elimination Period will not interrupt the Elimination Period if the number of days You return to work as an Active Employee are less than 90 days of Your Elimination Period.
>
> Any day within such period of Recovery, will not count toward the Elimination Period. (Ex. 1, p. 13).

23. Under the Hartford contract, another corollary provision reads:

> **Recover or Recovery** means that you are no longer Disabled and have returned to work with the Employer paying premiums are being paid for You. (*Id*).

24. On October 8, 2012, Plaintiff stopped working at Oakwood.

25. On October 16, 2012, Oakwood Corporate Services cancelled its contract with Defendant Hartford effective 1/1/2013 as the Plan's group insurer. (Ex. 3, Oakwood Correspondence.)

26. The termination of Hartford came *after* Plaintiff's disability leave began.

27. From October 8, 2012 through April 7, 2013, it is undisputed that Plaintiff was off of work, or a total of 181 days.

28. On April 7, 2013, Plaintiff attempted to return to work.

29. On May 12, 2013, Plaintiff, again, returned to medical disability leave.

30. Plaintiff has never returned to work owing to her disability.

31. Plaintiff timely filed a claim for long term disability benefits with both Defendants.

32. Defendant Hartford denied the claim on the basis that Plaintiff had not satisfied the eligibility requirements as set forth in the contract, claiming that Plaintiff's first date of actual disability occurred on October 12, 2012 (not October 8th the date she stopped working) and that she, therefore, failed to satisfy the 180-day Elimination Period under the Hartford contract.

33. Defendant Hartford further alleged that its contract with Oakwood terminated on December 31, 2012.

34. On January 1, 2013, Defendant Reliance became the Plan's insurer while Plaintiff was on an approved disability leave from Oakwood.

35. Defendant Reliance denied Plaintiff's claim stating that it was actually the Defendant Hartford which was the responsible insurer since the claim arose when Plaintiff was still insured under the Hartford's disability contract.

36. Defendant Reliance denied Plaintiff's coverage based on its preexisting condition exclusion appearing in its contract.

37. It appears, however, that Defendant Reliance did not consider the full and relevant impact of its "Transfer of Insurance Coverage" provision which appears within the same contract. (Ex. 2, p. 4.0).

38. Under Defendant Reliance' "Transfer of Insurance Coverage" provision, an ERISA Participant, like Plaintiff, is saved from any gap in the disability insurance coverage in the event of a change of group disability insurers by the employee benefit plan. (Ex. 2, p. 4.0).

39. Under Hartford's contract, if disability period begins on October 8, 2012, Plaintiff's last date of work at Oakwood, Plaintiff satisfied the Elimination Period, and Hartford would be liable under the terms of its contract.

40. If the disability period begins on October 12, 2012, as Hartford contends, then the Transfer of Insurance Coverage provision in Defendant Reliance's contract would control and cover the Plaintiff's loss of income.

41.     Plaintiff maintains that fully satisfied the eligibility requirements of the Hartford contract because she was off of work, based on a total disability for 180 days (October 8, 2012-April 7, 2012).

42.     Alternatively, using Defendant Hartford's calculation period of October 12, 2012 to April 7, 2012, Plaintiff enjoyed continuing eligibility under the terms of the Defendant Reliance's contract since that contract specifically adopts and incorporates the prior insurer (Hartford's) preexisting condition limitation into its coverage provisions.   Ex. 2, p. 4.0).

43.     Defendant Reliance's contract provides in pertinent part:

**Pre-existing Conditions Limitation Credit**

If an employee is an Eligible Person on the Effective Date of this Policy, any time used to satisfy the Pre-existing Conditions Limitation of the prior group long term disability insurance plan will be credited towards the satisfaction of Pre-existing conditions limitation of this Policy. (Ex. 2, p. 4.0).

44.     Under the terms of Defendant's Reliance's contract, Plaintiff meets the criteria as an eligible person owing to her continuous coverage by Hartford since January 1, 2010. (Ex. 2, p. 4.0).

45.     Plaintiff's claims would not be barred by Hartford's preexisting condition limitations clause since the medical condition suffered by Plaintiff arose well after the Hartford's effective date of coverage, or January 1, 2010.

46. Plaintiff has set forth two independent and alternate bases for relief under her disability plan and established those bases under Section 503 of ERISA, 29 U.S.C. §1133 owing to the dispute among the insurers.

47. Throughout this claim, Plaintiff's condition has not improved, but has worsened and Plaintiff remains totally disabled, and entitled to benefits.

48. If the Court finds that Plaintiff's disability began on October 8, 2012, Defendant Hartford owes Plaintiff the value of her disability benefits for the period of time of May 12, 2013 to the present, as well as continuing total disability benefits under the contract.

49. If the Court finds that Plaintiff's date of disability arose on October 12, 2012, as maintained by the Hartford, Defendant Reliance is liable for Plaintiff's benefits.

50. Both Defendants have ignored applicable contract language order to deny the claim on a self-interested basis, thereby breaching their statutorily imposed fiduciary duties.

51. Plaintiff appealed the decision to deny benefits submitting attaching extensive medical records in which Plaintiff's treating health providers attested that owing to well documented, objective physical infirmities, Plaintiff is unable to perform the essential duties of her own occupation or any other occupation.

52. Plaintiff's medical record indisputably demonstrates that Plaintiff suffers from disabling physical and cognitive impairments.

53. Nevertheless, on the record before it, Plaintiff has supplied both Defendants with overwhelming proof of loss that Plaintiff's condition is, was, and continues to be severely debilitating.

54. Plaintiff is involved in regular and continuous medical and prescription treatment.

55. Plaintiff continues to cope with many medical conditions which have precluded Plaintiff from resuming any form of full or part-time employment.

56. Under the guidelines applicable to ERISA appeals, Plaintiff's appeal has been denied, or "deemed denied," and Plaintiff may now seek judicial review.

57. Plaintiff supplied both Defendants with adequate and substantial continuing proof of loss as well as arguments supporting the proper contractual interpretation of the Defendant's coverage provisions.

58. Under the terms of the policy, Plaintiff is entitled to an agreed upon percentage of indexed monthly earnings which the liable Defendant has not paid.

59. Upon information and belief, the monetary value of Plaintiff's claim played a significant role in the wrongful termination of Plaintiff's claim, as the unreduced value of this claim exceeds $500,000.00.

60. Defendants, as fiduciaries, have violated both the claim and appeal process and violated every right permitted to participants, like Plaintiff, under ERISA to have a full and fair review of their claims by appropriate fiduciaries who interpret plan provisions for the "exclusive benefit of Plan participants" as is required by ERISA under ERISA §503, 29 U.S.C. §1133.

61. Accordingly, Plaintiff's benefits were improperly denied under ERISA.

62. Additionally, Mich. Admin. Codes §500.2201 and §500-2202 and 5§50.111 and §550.112 apply the resolution of this case.

## COUNT I
## ACTION UNDER ERISA §502(a)(1)(B),
## 29 U.S.C. §1132(a)(1)(B) TO RECOVER FULL EMPLOYEE BENEFITS AGAINST DEFENDANTS HARTFORD AND RELIANCE

63. Plaintiff realleges all preceding paragraphs.

64. Defendants provided group long term disability insurance to an employee welfare benefit plan in which the Plaintiff participated and was established for Plaintiff's benefit and that of Plaintiff's similarly situated participants.

65. Plaintiff was fully vested and entitled to full benefits thereunder.

66. Plaintiff is and was totally disabled and eligible for disability benefits under the contract and the terms of the Plan.

12

67. Defendants have failed to properly interpret its own Plan such that Plaintiff has somehow been found ineligible for the payment and/or continuation of certain disability benefits, despite meeting the Plan's eligibility requirements.

68. Plaintiff made attempts to redress this violation of Plaintiff's rights, by among other things:

    a. Filing administrative appeals within the timeframes established by Defendant, the Plan, and the denial of benefits correspondence;

    b. Submitting written proof of loss in an attempt to secure the pre-litigation payment of disability benefits; and

    c. Through counsel, writing the Defendants and Plan in an effort overturn the denial and to be approved for disability benefits.

69. Defendants have erred in denying Plaintiff's claim for disability insurance benefits and Defendants' actions violate well-settled ERISA case law concerning the proper administration of employee benefits.

70. Defendants' actions also violate its duty to review Plaintiff's claim for "the exclusive purpose of providing benefits to the plan participants," not for its own financial profit motivations.

71. As a result of the foregoing, Plaintiff is entitled to the following:

    a. Full past due disability benefits; and

    b. All future disability benefits.

WHEREFORE, Plaintiff requests entry of a judgment against Defendants adjudging that Plaintiff is entitled to full disability benefits, disgorgement of ill-gotten profits under ERISA §502(a)(3), all other damages, interest, attorney fees, and all other appropriate relief to which this Court deems just.

## COUNT II
## VIOLATION OF PROCEDURAL DUE PROCESS
## UNDER ERISA SECTION 503, 29 U.S.C. §1133 AGAINST DEFENDANTS HARTFORD AND RELIANCE

72. Plaintiff realleges all preceding paragraphs.

73. Pursuant to ERISA Section §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), a participant, like Plaintiff, may enforce all rights under the terms of the Plan or any other provisions of the statute that provide federal protection for employee welfare benefits.

74. Plaintiff has the right to full and fair review and proper notice under ERISA §503, 29 U.S.C. §1133.

75. Plaintiff was denied the right to full and fair review in one or more of the following ways:

    a. Defendants' agents engaged biased reviewers and claims examiners drafted the appeal letters in a certain manner unduly hampering a legitimate claim of benefits;

    b. Defendants failed to abide by U.S. Department of Labor ("DOL") Regulations governing the proper and lawful administration of Plaintiff's claims by selectively reviewing the claims materials

        and requiring "proof" of limitations over and above that required by the contract;

    c.    Exploiting the financial hardship caused by its own denials and its own inequitable conduct making disgorgement of profits an appropriate remedy; and

    d.    Using an unlawful discretionary proof clause against Plaintiff in violation of the State of Michigan's insurance laws after 2007.

76. For procedural violations which resulted in the wrongful termination of benefits, rather than in an approval of a valid claim, an award of full retroactive benefits is appropriate as required by ERISA, and, additionally, a finding of entitlement to future disability benefits.

WHEREFORE, Plaintiff requests judgment (or order) entered against the Defendants adjudging that Plaintiff is entitled to continuing disability benefits, all other damages, interest, attorney fees, and all other appropriate relief under ERISA to which this Court deems just.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests:

1. An order establishing the liability by way of declaratory judgment of which insurer is liable for Plaintiff's disability benefits.

2. An Order compelling the responsible Defendant to pay Plaintiff forthwith the full amount of past due disability insurance benefits due and to continue such payments for the period set forth in the contract, including interest on

all unpaid benefits; and any and all such other legal or equitable relief as may be just and appropriate;

3. An accounting and award of all benefits lost to date;

4. Disgorgement of ill-gotten profits as a result of Defendant's retention of benefits owed pursuant to ERISA Section 502(a)(3) or under any other applicable statutory provisions; and

5. An award of reasonable attorney fees and costs pursuant to ERISA §502(g)(1), 29 U.S.C. §1132(g)(1) for having to bring this claim.

        Respectfully submitted,

        **JOHN J. CONWAY, P.C.**
        Attorney for Plaintiff
   By: /s/John J. Conway
        John J. Conway
        26622 Woodward Ave., Suite 225
        Royal Oak, Michigan 48067
        (313) 961-6525
        jj@jjconwaylaw.com
        P56659

Dated: February 19, 2016