UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL L. WALLACE,

       Plaintiff,

                                                                     Civil Case No. 16-10625
v.                                                  Honorable Linda V. Parker

BEAUMONT HEALTHCARE EMPLOYEE
WELFARE BENEFIT PLAN f/k/a
OAKWOOD HEALTHCARE, INC.
EMPLOYEE WELFARE BENEFIT
PLAN, HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, and
RELIANCE STANDARD LIFE INSURANCE CO.,

       Defendants.
_____/

**<u>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT RELIANCE STANDARD LIFE INSURANCE COMPANY'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

     In this action brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), Plaintiff Cheryl L. Wallace claims she was wrongfully denied long term disability benefits and that one or more defendants engaged in procedural due process violations and breached its fiduciary duties while handling her long term disability claim. Defendants are the Beaumont Healthcare Employee Welfare Benefit Plan (f/k/a the Oakwood Healthcare, Inc. Employee Welfare Benefit Plan) ("Plan"), Hartford Life Insurance Company ("Hartford"), and Reliance Standard Life Insurance Company ("Reliance"). Presently before the

Court is Reliance's motion to dismiss Plaintiff's Amended Complaint. The parties have fully briefed the motion. Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court is granting Defendants' summary judgment motion. For the reasons that follow, the Court is granting in part and denying in part Reliance's motion.

## I.     Standard for Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id*. (quoting *Twombly*,

550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). A court that considers such matters must first convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P 12(d). However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they

are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## II. Factual and Procedural Background

Plaintiff worked at Oakwood Healthcare, Inc. Health System ("Oakwood") as a registered nurse. (Am. Compl. ¶ 11, ECF No. 16.) Incident to her employment, Plaintiff was a participant in the Oakwood Healthcare, Inc. Employee Welfare Benefit Plan, which afforded long term disability benefits to its eligible employees.[1] (*Id.* ¶¶ 4, 5.) Hartford served as the plan's insurer until Oakwood cancelled its contract with Hartford, effective January 1, 2013. (*Id.* ¶ 25.) On that date, Reliance became the plan's insurer. (*Id.* ¶ 34.)

In the interim, on October 8, 2012, Plaintiff stopped working at Oakwood due to a serious and worsening health condition. (*Id.* ¶ 11.) Plaintiff remained off work from October 8, 2012 through April 7, 2013. (*Id.* ¶ 27.) Plaintiff returned to work on April 7, 2013, but found it necessary to take a medical leave of absence again starting May 12, 2013. (*Id.* ¶¶ 28, 29.) Plaintiff was not able to return to work thereafter. (*Id.* ¶ 30.) Plaintiff therefore filed a claim for long term disability benefits with Hartford and Reliance. (*Id.* ¶ 31.)

---

[1] Subsequent to the events relevant to this litigation, Oakwood merged with Beaumont Health System and all names were changed to Beaumont, including the employee welfare benefit plan under which Plaintiff received benefits.

4

Hartford denied Plaintiff's claim on the basis that she failed to satisfy the eligibility requirements in Hartford's insurance policy-- specifically the 180-day Elimination Period. (*Id.* ¶ 32.) In making this determination, Hartford maintained that Plaintiff's first date of actual disability was October 12, 2012, rather than October 8, 2012. (*Id.*)

Reliance denied Plaintiff's claim based on the pre-existing condition exclusion in its contract. (*Id.* ¶ 36.) Reliance maintained that, pursuant to the terms of its insurance contract, Plaintiff did not become insured under its group insurance policy until April 7, 2013, when she returned to active work from her medical leave and then left her employment again on May 21, 2013. (Pl.'s Resp., Ex. 5, ECF No. 25-6.) In its denial letter, Reliance informed Plaintiff that she "may request a review" of its determination by submitting a written request. (*Id.*, Ex. 6, ECF No. 25-7.) The letter further advised in pertinent part:

> The written request for review must be sent within 180 days of your receipt of this letter. Your request should state any reasons why you feel this determination is incorrect, and should include any written comments, documents, records, or other information relating to your claim for benefits. Only one review will be allowed, and your request must be submitted within 180 days of your receipt of this letter to be considered.
>
> …
>
> In the event that your claim is subject to the Employee Retirement Income Security Act of 1974 ("the Act"), you have the right to bring a civil action under section 502(a)

5

>of the Act following an adverse benefit determination on a review. Your failure to request a review within 180 days of your receipt of this letter may constitute a failure to exhaust administrative remedies available under the Act, and may affect your ability to bring a civil action under the Act.

(*Id.*) Plaintiff did not submit a written request seeking review of Reliance's decision.

Plaintiff alleges that on at least four separate occasions during Reliance's direct dealings with Plaintiff or her representatives, Reliance failed to disclose the existence of a "transition agreement or transfer of coverage rider which rendered the pre-existing condition limitation in her coverage inapplicable as applied to her." (Am. Compl. ¶ 83, ECF No. 16.) In an email to Plaintiff's counsel, dated March 22, 2016, Reliance's in-house counsel stated that this provision would not have changed its decision to deny Plaintiff's claim for benefits because it does not apply to Plaintiff as she "was not 'an Eligible Person on the Effective Date of [the Reliance] Policy,' or 1/1/2013." (Pl.'s Resp., Ex. 9, ECF No. 25-10.) Plaintiff claims she did not appeal Reliance's denial decision due to the representations of Reliance's representatives. (Am. Compl. ¶ 87.)

Based on the above facts, Plaintiff asserts the following claims in an Amended Complaint:

>(I) Action under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to recover full employee benefits against Defendants Hartford and Reliance;

6

>    (II) Violation of Procedural Due Process Under ERISA Section 503, 29 U.S.C. § 1133, against Defendants Hartford and Reliance; and
>
>    (III) Action under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), against Defendants Beaumont EBP [the Plan] and Reliance for appropriate equitable relief.

(ECF No. 16.) In a stipulated order entered July 27, 2016, Plaintiff dismissed Count II against Hartford, only. (ECF No. 26.)

### III. Reliance's Arguments

In support of its motion to dismiss Plaintiff's Amended Complaint, Reliance asserts several arguments. First, Reliance maintains that all of Plaintiff's claims must be dismissed because she failed to exhaust her administrative remedies prior to filing this lawsuit—to wit, she failed to seek review of the initial denial of her claim. Reliance next seeks dismissal of Count II of Plaintiff's Amended Complaint, arguing that "ERISA does not recognize a stand alone claim [under § 1133]." (Reliance Br. in Supp. of Mot. at 8, ECF No. 22 at Pg ID444.) According to Reliance, Plaintiff's claim for benefits under § 1132 (Count I) provide the exclusive mechanism for relief.

Reliance similarly seeks dismissal of Plaintiff's breach of fiduciary duties claim (Count III) because Plaintiff has an adequate avenue for relief for her injuries under § 1132. Reliance argues that Plaintiff's claim that it breached its fiduciary duties by failing to disclose the insurance contract's "Transfer of Insurance

7

Coverage Provision" is simply another way of claiming Reliance's denial decision was arbitrary and capricious. According to Reliance, Plaintiff alleges no separate and distinct injury other than the denial of benefits and, as such, her breach of fiduciary claim fails. Reliance further argues that allowing Plaintiff to proceed with the claim is contrary to the purpose of ERISA. Lastly, Reliance seeks dismissal of Plaintiff's breach of fiduciary claim, arguing that Plaintiff fails to plead a plausible claim for relief.

## IV. Analysis

### A. Exhaustion

ERISA itself does not require a participant or beneficiary to exhaust administrative remedies prior to bringing a civil action. *See Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 2004); *see also* 29 U.S.C. § 1132. Nevertheless, many circuit courts, including the Sixth Circuit Court of Appeals, have "held that 'the administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court.' " *Id.* (quoting *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991)). As the Ninth Circuit has stated, "an ERISA plaintiff claiming a denial of benefits 'must avail himself or herself of a plan's own internal review procedures before bringing suit in Federal court.' " *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (2008) (quoting *Diaz v. United Agric. Employee*

*Welfare Benefit Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995)).  ERISA requires that those procedures "be included in the plan's written documents …." *Montoya v. Reliance Standard Life Ins. Co.*, No. 14-cv-02740, 2015 WL 884643, at *3 (N.D. Cal. Mar. 2, 2015) (citing 29 U.S.C. §§ 1102(a)(1), 1022); *see also Holmes v. Colorado Coal. for Homeless Long Term Disability Plan*, 762 F.3d 1195, 1199-1200 (10th Cir. 2014) (explaining that the documents controlling a participant or beneficiaries obligations under ERISA, including the duty to exhaust administrative remedies, are the plan document and, in some instances, the summary plan description); *Vaught*, 546 F.3d at 627 ("Under ERISA, an employee benefit plan's internal review procedures must be included in the plan's written documents, which include the plan instrument … and a summary of the plan instrument, called the "summary plan description.") (citing 29 U.S.C. §§ 1102(a)(1), 1022).

The exhaustion requirement "must be 'written in a manner calculated to be understood by the average plan participant,' and must be 'sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan.'"  *Vaught*, 546 F.3d at 627 (quoting 29 U.S.C. § 1022(a)).  "Where plan documents could be fairly read as suggesting that exhaustion is not a mandatory prerequisite to bringing suit, claimants may be affirmatively misled by language that appears to make the exhaustion requirement

permissive when in fact it is mandatory as a matter of law." *Spinedex Physical Therapy USA, Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1298 (9th Cir. 2014). In that instance, courts have held that the failure to exhaust those remedies does not a bar the claimant from bringing his or her claims in a civil lawsuit. *Id*. at 1298-99 (citing *Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 181 (2d Cir. 2013); *Watts v. BellSouth Telecomms., Inc.*, 316 F.3d 1203, 1209-10 (11th Cir. 2013)).

Reliance does not identify an exhaustion requirement in its insurance policy. Instead, it relies on the discussion of the review process in the denial letter it sent Plaintiff. Reliance fails to explain to the Court why the terms of this letter should be construed as being part of the plan documents. In *Vaught*, the Ninth Circuit concluded that the internal review procedures set forth in the insurer's explanation of benefits form were part of the contract; but this conclusion was based on the fact that the summary plan description expressly "stated that 'a description of the plan's appeal procedures' would be included in the notices denying benefits (i.e., the EOBs)." 546 F.3d at 627. In comparison, the district court in *Montoya* held that the exhaustion requirement stated in the denial of benefits letter could not impose an exhaustion requirement where the plan itself neither expressly required nor otherwise incorporated one. 2015 WL 884643, at *4. "In general, benefits determination notices are themselves not plan documents. Explicit incorporation

based on general rules of contract interpretation is the only way the Ninth Circuit has accepted an extraneous description of claims procedures to be incorporated into an ERISA plan document." *Id.* (citing *Vaught*, 546 F.3d at 622, 627).

Having reviewed the Reliance policy, which Plaintiff attached to her Amended Complaint, this Court finds no discussion of an exhaustion requirement. The only requirement for bringing a legal action set forth in the policy reads: "No legal action may be brought against us to recover on this Policy within sixty (60) days after written proof of loss has been given as required by this Policy." (Pl.'s Resp., Ex. 4 at 6.0, ECF No. 25-4 at Pg ID 556.)  The policy does not incorporate the terms of any other document.  To the contrary, it expressly states that the policy represents "[t]he entire contract[.]"  (*Id.* at 5.0, ECF No. 25-4 at Pg ID 555). Nevertheless, even if this Court construed the denial of benefits letter as a plan document, it would hold that the letter did not mandate exhaustion as a prerequisite to bringing suit.

The letter advises Plaintiff that she "*may*" request a review of Reliance's determination.  (Pl.'s Resp., Ex. 6, ECF No. 25-7, emphasis added.)  The letter further provides that the "failure to request a review within the 180 days of [her] receipt of th[e denial of benefits] letter *may* constitute a failure to exhaust the administrative remedies available under the Act, and *may* affect [her] ability to bring a civil action under the Act." (*Id.*, emphasis added.)  Such optional language

11

has been construed as failing to establish an exhaustion requirement. *See Spinedex Physical Therapy USA, Inc.*, 770 F.3d at 1299; *Watts*, 316 F.3d at 1209-10 ("If a plan claimant reasonably interprets the relevant statements in the summary plan description as permitting her to file a lawsuit without exhausting administrative remedies, and as a result she fails to exhaust those remedies, she is not barred by the court-made exhaustion requirement from pursuing her claim in court."); *Montoya*, 2015 WL 884643, at *5 (finding the identical language in Reliance's denial letter to the plaintiff in that case "at best, ambiguous as to exhaustion. The letters only permit, but do not require, an administrative appeal[.]").

For these reasons, this Court concludes that Plaintiff was not required to exhaust any administrative remedies prior to filing this lawsuit.

### B. Procedural Due Process Claim

As stated earlier, Reliance contends that "ERISA does not recognize a stand alone claim for" a procedural due process claim under Section 503, 29 U.S.C. § 1133. Yet the Sixth Circuit has recognized such a claim in several of its decisions, including cases issued after the Supreme Court decisions Reliance cites in its briefs. *See, e.g., Univ. Hosps. of Cleveland v. South Lorain Merchants Ass'n Health & Welfare Benefit Plan & Trust*, 441 F.3d 430 (6th Cir. 2006) (recognizing § 1133 claim, but concluding that any violations were remedied by the district court); *Wenner v. Sun Life Assur. Co. of Canada*, 482 F.3d 878, 881-82 (6th Cir.

2007); *McCartha v. Nat'l City Corp.*, 419 F.3d 437, 444 (6th Cir. 2005); *VanderKlok v. Provident Life & Acc. Ins. Co.*, 956 F.2d 610, 618-19 (6th Cir. 1992). Nevertheless, and what Reliance instead seems to be arguing, is that the facts alleged in Plaintiff's Amended Complaint state a wrongful denial of benefits claim rather than a violation of § 1133.

Section 1133 provides:

> In accordance with regulations of the Secretary, every employee benefit plan shall--
>
> 1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133. The Secretary's regulations are codified at 29 C.F.R. § 2560.503-1 and "set[] forth minimum requirements for employee benefit plan procedures pertaining to claims for benefits …." 29 C.F.R. § 2560.503-1(a). The conduct Plaintiff alleges to support her § 1133 claim do not violate any of the

provision of the statute or the Secretary's regulations.[2] For this reason, the Court is dismissing Count II of her Amended Complaint.

### C. Breach of Fiduciary Duties Claim

An ERISA plan participant can seek equitable relief under Section 502(a), 29 U.S.C. § 1132(a)(3), if he or she has been harmed by a breach of a fiduciary duty. *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). The Supreme Court has held, however, that a participant cannot seek equitable relief for a breach of fiduciary duty under the catchall provision of Section 502(a)(3) if the alleged violations are adequately remedied under other provisions of Section 502. *Id.*;

---

[2] In Count II of her Amended Complaint, Plaintiff alleges that she "was denied the right to full and fair review" because:

> a. Defendants' agents engaged biased reviewers and claims examiners drafted the appeal letters in a certain manner unduly hampering a legitimate claim of benefits;
>
> b. Defendants failed to abide by U.S. Department of Labor ("DOL") Regulations governing the proper and lawful administration of Plaintiff's claims by selectively reviewing the claims materials and requiring "proof" of limitations over and above that required by the contract;
>
> c. Exploiting the financial hardship caused by its own denials and its own inequitable conduct making disgorgement of profits an appropriate remedy; and
>
> d. Using an unlawful discretionary proof clause against Plaintiff in violation of the State of Michigan's insurance laws after 2007.

(Am. Compl. ¶ 75, ECF No. 16.)

14

*Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir.1998) (noting that "[t]he Supreme Court clearly limited the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies."). In *Wilkins*, the Sixth Circuit concluded that the plaintiff could not bring a cause of action for breach of fiduciary duty pursuant to Section 502(a)(3) where Section 502(a)(1)(B) provided a remedy for his alleged injury, that being the administrator's denial of his claim for benefits. Plaintiff contends in response to Reliance's motion that the injury for which she is seeking relief under Section 502(a)(3) is not Reliance's denial of her claim for disability benefits.

As clarified in Plaintiff's response brief, her breach of fiduciary claim is premised on her assertion that Reliance failed to disclose the Transfer of Insurance Coverage provision in its Policy, leading her to focus her claim efforts on Hartford's liability when "Reliance Standard may well have full liability for her claim." (Pl.'s Resp. Br. at 20, ECF No. 25 at Pg ID 492.) Plaintiff states further:

> But for Reliance Standard's *failure to disclose* that fact the pre-existing condition limitation was vitiated by a "transfer in coverage" provision and its affirmative misstatements that the "claim was recurrent under Hartford," the plaintiff would have prosecuted her claim against Reliance Standard.

(*Id.*, emphasis in original.) Plaintiff is prosecuting her claim for benefits against Reliance in this action, however. To the extent Plaintiff means that she did not pursue further administrative review because of Reliance's alleged omissions, she

15

has suffered no independent injury in light of the Court's conclusion that she was not required to exhaust further administrative remedies before filing suit. Any arguments she could have made in an administrative appeal with respect to the transfer of insurance coverage provision in support of her claim for benefits can be made in this civil action.

For these reasons, the Court is dismissing Count III of Plaintiff's Amended Complaint.

Accordingly,

**IT IS ORDERED** that Defendant Reliance Standard Life Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 22) is **GRANTED IN PART AND DENIED IN PART** in that Counts II and III of Plaintiff's Amended Complaint are **DISMISSED WITH PREJUDICE**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 18, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 18, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager