UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL L. WALLACE,

    Plaintiff,

v.

Civil Case No. 16-10625
Honorable Linda V. Parker

BEAUMONT HEALTHCARE EMPLOYEE
WELFARE BENEFIT PLAN f/k/a
OAKWOOD HEALTHCARE, INC.
EMPLOYEE WELFARE BENEFIT
PLAN, HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, and
RELIANCE STANDARD LIFE INSURANCE CO.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT [ECF NO. 43] AND DENYING DEFENDANT RELIANCE STANDARD LIFE INSURANCE COMPANY'S MOTION FOR JUDGMENT [ECF NO. 44]

This is an action for long term disability ("LTD") benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiff Cheryl L. Wallace ("Wallace") filed the lawsuit on February 19, 2016, against the following Defendants: Beaumont Healthcare Employee Welfare Benefit Plan, f/k/a Oakwood Healthcare, Inc. Employee Welfare Benefit Plan ("Plan"); Hartford Life and Accident Insurance Company ("Hartford"); and Reliance Standard Life Insurance

Company ("Reliance").  In an Amended Complaint filed May 20, 2016, Wallace asserts these claims:

> (I) Action under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to recover full employee benefits against Defendants Hartford and Reliance;
>
> (II) Violation of Procedural Due Process under ERISA Section 503, 29 U.S.C. § 1133, against Defendants Hartford and Reliance; and
>
> (III) Action under ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), against Defendants Beaumont EBP [the Plan] and Reliance for appropriate equitable relief.

(ECF No. 16.)

In an opinion and order issued January 18, 2017, the Court dismissed Counts II and III of Wallace's Amended Complaint.  (ECF No. 36.)  Pursuant to a stipulated order entered February 28, 2017, Wallace's claims against Hartford were dismissed without prejudice.  (ECF No. 41.)  Presently pending before the Court are cross-motions for judgment on the administrative record and for declaratory judgment, filed by Wallace and Reliance on May 22, 2017.  (ECF Nos. 43, 44.)  The parties have fully briefed those motions.  Finding the facts and legal arguments adequately presented in their briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

## I. Factual and Procedural Background

Wallace began working at Oakwood Healthcare, Inc. Health System ("Oakwood") as a registered nurse on April 11, 2005. (Am. Compl. ¶ 11, ECF No. 16; Admin. R. ("A.R.") at 40, ECF No. 42-1 at Pg ID 768.) Incident to her employment, Wallace was a participant in the Oakwood Healthcare, Inc. Employee Welfare Benefit Plan, which afforded LTD benefits to eligible employees.[1] (Am. Compl. ¶¶ 4, 5.) Hartford served as the Plan's insurer until Oakwood cancelled its contract with Hartford, effective January 1, 2013. (*Id.* ¶ 25.) On that date, Reliance became the Plan's insurer. (*Id.* ¶ 34.)

In the interim, on October 8, 2012, Wallace stopped working at Oakwood due to a serious and worsening health condition.[2] (*Id.* ¶ 11.) She remained off work from October 12, 2012 through April 7, 2013. (*Id.* ¶ 27.) Wallace returned to work on April 7, 2013, but found it necessary to take a medical leave of absence again starting May 12, 2013. (*Id.* ¶¶ 28, 29.) Wallace was not able to return to work thereafter. (*Id.* ¶ 30.) She submitted a claim for short-term disability benefits, which was approved for the period July 15, 2013 through November 22, 2013. (A.R. at 156, ECF No. 42-1 at Pg ID 884.) She thereafter filed a claim for

---

[1] Subsequent to the events relevant to this litigation, Oakwood merged with Beaumont Health System and all names were changed to Beaumont, including the employee welfare benefit plan insuring Wallace.

[2] Apparently, Wallace worked on October 8, and her leave did not begin until October 12. (*See* Reliance Resp. Br. at 7, ECF No. 46 at Pg ID 1165.)

LTD benefits with Hartford and Reliance. (Am. Compl. ¶ 31; ECF No. 16 at Pg ID 157.)

Hartford denied Wallace's claim on the basis that she failed to satisfy the eligibility requirements in Hartford's insurance policy—specifically the 180-day Elimination Period. (*Id.* ¶ 32.) In making this determination, Hartford maintained that Wallace's first date of actual disability was October 12, 2012, rather than October 8, 2012. (*Id.*)

Reliance denied Wallace's claim based on the Pre-Existing Condition exclusion in its policy. (*Id.* ¶ 36; A.R. at 91-93, ECF No. 42-1 at Pg ID 819-21.) Reliance maintained that, pursuant to the terms of its insurance contract, Wallace did not become insured under the policy until April 7, 2013, when she returned to active work from her medical leave. (A.R. at 91-92, ECF No. 42-1 at Pg ID 819-20.) Reliance determined that Wallace then became disabled on May 13, 2013, when she again went on medical leave. (*Id.*) Reliance concluded that Wallace had been receiving medical treatment, consultation, care or services during the three months immediately before the effective date of insurance and that, therefore, the Pre-Existing Condition clause of the insurance policy barred her claim for LTD benefits. (*Id.*) Wallace did not submit a written request seeking review of Reliance's decision, but instead filed this lawsuit on February 19, 2016.

4

## II. **Standard of Review**

The parties agree that a de novo standard applies to this Court's review of Reliance's decision to deny Wallace benefits.[3] This de novo standard of review applies to the plan administrator's factual determinations and legal conclusions. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 613 (6th Cir. 1998) (citing *Rowan v. Unum Life Ins. Co.*, 119 F.3d 433, 435 (6th Cir. 1997)). A court's review is limited to the record that was before the plan administrator. *Id.* at 615 (citing *Perry v. Simplicity Eng'g*, 900 F.2d 963, 966 (6th Cir. 1998)).

When a court reviews a denial of ERISA benefits de novo, it must determine "whether or not it agrees with the decision under review." *Perry*, 900 F.2d at 966. "The administrator's decision is accorded no deference or presumption of correctness." *Hoover v. Provident Life & Accident Ins. Co.*, 290 F.3d 801, 809 (6th Cir. 2002). "[T]he court must determine whether the administrator properly

---

[3] Generally, if the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan, a reviewing court may reverse the decision to deny benefits only upon a showing that it was "arbitrary and capricious." *Jones v. Metro Life Ins. Co.*, 385 F.3d 654, 660 (6th Cir. 2004). Michigan law, however, proscribes the use of discretionary clauses in disability insurance contracts that are subject to the State of Michigan's Insurance Commissioner's administrative rules. Mich. Admin. Code r. 500.2201-2202. The Sixth Circuit has held that ERISA does not preempt these rules and any Michigan ERISA plan issued or amended after July 1, 2007 therefore requires de novo review of denials of ERISA benefits. *Am. Council of Life Insurers v. Ross*, 558 F.3d 600 (6th Cir. 2009).

interpreted the plan and whether the insured was entitled to benefits under the plan." *Id.*

Under ERISA, "every employee benefit plan [must] be established and maintained pursuant to a written instrument," 29 U.S.C. § 1132(a)(1), "specify[ing] the basis on which payments are made to and from the plan." *Id.* § 1102(b)(4). An insured's claim for benefits "stands or falls by 'the terms of the plan[.]'" *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300 (2009) (quoting 29 U.S.C. § 1132(a)(1)(B)). ERISA requires benefit plans to be "written in a manner calculated to be understood by the average plan participant." 29 U.S.C. § 1022(a). As such, "[i]n interpreting a plan, the administrator must adhere to the plain meaning of its language as it would be construed by an ordinary person." *Morgan v. SKF USA, Inc.*, 385 F.3d 989, 992 (6th Cir. 2004).

### III.  Analysis

#### A.  Whether Reliance Correctly Determined that its Policy's Pre-existing Condition Clause Barred Wallace's Claim for LTD Benefits

Reliance's determination that the Pre-Existing Condition clause of the LTD policy barred Wallace's claim for benefits was premised on its determination that Wallace was not covered under the plan until April 7, 2013, when she returned to work from a leave of absence.

With respect to the effective date of individual insurance, the policy provides in relevant part: "The insurance … will not go into effect on a date he/she

is not Actively at Work because of a Sickness or Injury. The insurance will go into effect after the person is Actively at Work for one (1) full day in an Eligible Class, as shown on the Schedule of Benefits page." (A.R. at 17, ECF No. 42-1 at Pg ID 745.) Thus while the policy was effective January 1, 2013, Reliance contends that the effective date of individual insurance for Wallace was not until April 7, 2013, when she returned to work. Next, because Wallace remained at work for less than 40 days after the date of her coverage, Reliance maintains that the policy's Pre-Existing Condition exclusion was triggered.

Wallace contends that she was eligible for coverage under the policy effective January 1, 2013, pursuant to its Transfer of Insurance Coverage provisions.[4] These provisions state in relevant part:

> If an employee was covered under any group long term disability insurance plan maintained by you prior to this Policy's Effective Date, that employee will be insured under this Policy, provided that he/she is Actively at Work and meets all of the requirements for being an Eligible Person under this Policy on its Effective Date.

---

[4] Reliance argues that Wallace waived her argument that the Pre-Existing Condition exclusion did not bar her claim and that the Transfer of Insurance Coverage provision applied when she failed to appeal the denial of her claim. (Reliance Br. in Supp. of Mot. at 14, ECF No. 44 at Pg ID 1145.) The Court already has held, however, that Wallace was not required to administratively appeal the denial of her claim. (ECF No. 36.) Moreover, Wallace claims that Reliance failed to disclose the existence of the Transfer of Insurance Coverage provisions during the claims process. (*See* Am. Compl. ¶ 83, ECF No. 16 at Pg ID 167.) As such, Reliance likely would be estopped from asserting its waiver argument.

7

> If an employee was covered under the prior group long term disability insurance plan maintained by you prior to this Policy's Effective Date, but was not Actively at Work due to Injury or Sickness on the Effective Date of this Policy and would otherwise qualify as an Eligible Person, coverage will be allowed under the following conditions:
>
> (1) The employee must have been insured with the prior carrier on the date of the transfer; and
>
> (2) Premiums must be paid; and
>
> (3) Total Disability must begin on or after this Policy's Effective Date.
>
> * * *

(A.R. 14, ECF No. 42-1 at Pg ID 742.) Reliance maintains that the Transfer of Insurance Coverage provisions do not apply to Wallace—who was not "Actively at Work" on the effective date of the policy (i.e., January 1, 2013)—because she does not satisfy the first or third conditions set forth above.

As to the first condition, that Wallace must have been insured with the prior carrier on the date of transfer, Reliance argues that Wallace was no longer insured under Hartford's policy when the Reliance policy took effect because she no longer was an "Active Full Time employee of Beaumont at that point." (*See* Compl. Ex. 1 at 11, ECF No. 16-2 at Pg ID 181.) As set forth earlier, Wallace was on medical leave from Beaumont from October 12, 2012 until April 7, 2013. Reliance maintains that Wallace ceased to be an Active Full Time employee when

she went on leave. According to Reliance, the facts of this case are identical to *McKay v. Reliance Standard Life Insurance Co.*, No. 1:06-cv-267, 2009 WL 5205375 (E.D. Tenn. Dec. 23, 2009) (unpublished), which involved an identical transfer of insurance coverage provision.[5] However, to determine whether Wallace was insured with the prior carrier on the date of transfer, this Court must examine the Hartford policy to decide when, under that plan, coverage terminates.

The Hartford policy contains the following provisions regarding termination of coverage:

> Your coverage will end on the earliest of the following:
> 1) the date The Policy terminates;
> 2) the date The Policy no longer insures Your class;
> 3) the date the premium payment is due but not paid;
> 4) the last day of the period for which You make any required premium contribution;
> 5) the date Your Employer terminates Your employment; or
> 6) the date You cease to be a Full time Active Employee in an eligible class for any reason; *unless* continued in accordance with any of the Continuation Provisions.

---

[5] In *McKay*, the main issues to be decided by the court were whether the plaintiff was "Actively at Work" when Reliance's policy went into effect and—having concluded that he was not—whether his total disability began on or after the policy's effective date. 2009 WL 5205373, at \*\*4-7. The court did not address whether the plaintiff was insured with the prior carrier on the date of the transfer of coverage. *Id.* The *McKay* court also did not address whether the plaintiff was an "Active Full Time Employee," which is the relevant question here with respect to Wallace's coverage under the prior carrier's policy. *See infra*.

(Am. Compl., Ex. 1 at 11, ECF No. 16-2 at Pg ID 181, emphasis added.) There is no evidence that any of these events occurred to terminate Wallace's coverage under the Hartford policy. Importantly, as the Definitions section of the Hartford policy makes clear, ceasing to be "Actively at Work" is not equivalent to ceasing to be a "Full time Active Employee."[6] (*Id*. at 21, ECF No. 16-2 at Pg ID 191.) The record does not suggest that Beaumont stopped considering Wallace a Full time Active Employee because she was on medical leave.

In any event, even if Wallace "ceased to be a Full time Active Employee" during her medical leave, the Hartford Policy's Continuation provisions state that if an insured is granted a leave of absence, in writing, his or her coverage may be continued for up to twelve weeks. (*Id*. at 11, Pg ID 181.) The Reliance policy went into effect after Wallace had been on leave for less than twelve weeks.[7] Thus, Wallace was insured under the Hartford policy on the date of the transfer.

Reliance nevertheless argues that Wallace also does not satisfy the third condition of its policy's Transfer of Insurance Coverage clause. Under that provision, "Total Disability must begin on or after this Policy's Effective Date."

---

[6] The Hartford policy defines "Actively at Work" to mean "at work with the Employer on a day that is one of the Employer's scheduled workdays." (Am. Compl., Ex. 1 at 21, ECF No. 16-2 at Pg ID 191.) In comparison, an "Active Employee" is someone "who works for the Employer on a regular basis in the usual course of the Employer's business." (*Id*.)

[7] Specifically, Wallace had been on leave for 11 weeks and 4 days when the Reliance policy became effective.

(A.R. at 14, ECF No. 42-1 at Pg ID 742.) Reliance argues that, "[b]y [Wallace]'s own admission, her *disability* began in October 2012[.]"[8] (*See, e.g.*, Reliance Resp. Br. at 9, ECF No. 46 at Pg ID 1167, emphasis added.) Disability and Total Disability are not synonymous, however. The term "Total Disability" has a distinct meaning as defined in the Reliance policy. (*See* A.R. at 12, ECF No. 42-1 at Pg ID 740). Reliance does not attempt to apply that definition to decide the date Wallace became "Totally Disabled."

For Class 3 employees, such as Wallace (*see* A.R. 49, ECF No. 42-1 at Pg ID 777), the Reliance policy provides that "Total Disability" means:

> that as a result of Injury or Sickness:
> (1) during the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, an insured cannot perform the material duties of his/her Regular Occupation[.]

(*Id*. at 12, ECF No. 42-1 at Pg ID 740.) Wallace performed her job as a staff nurse at Beaumont after January 1, 2013. She worked from April 7 until May 12, 2013. As such, the Court concludes that her Total Disability began after the Reliance policy's effective date.

For these reasons, the Court holds that Reliance erred in concluding that Wallace's coverage under its policy was not effective until she returned to work on

---

[8] Notably, in its letter denying Wallace LTD benefits, Reliance stated that it had concluded she became disabled on May 13, 2013. (A.R. at 92, ECF No. 42-1 at Pg ID 820.)

11

April 7, 2013. Instead, under the policy's Transfer of Insurance Coverage provisions, Wallace's coverage was effective on January 1, 2013.[9] Accordingly, the policy's Pre-Existing Condition exclusion is inapplicable.

## B. **Whether the Proper Remedy is an Award of LTD Benefits**

If the Court concludes that the Pre-Existing Condition exclusion in the Reliance policy is inapplicable to her, Wallace argues that the Court should award her LTD benefits because the administrative record undisputedly demonstrates that she was totally disabled. According to Wallace, "[t]he only medical evidence in this case are the treatment records and medical opinions of [her] treaters[,]" which she maintains establish her total disability. (Wallace's Br. in Supp. of Mot. at 22, ECF No. 43 at Pg ID 1124, emphasis in original.) Reliance argues that because it never rendered a factual determination with respect to whether Wallace is totally disabled, the Court should instead remand the matter to the plan administrator to make that determination. Reliance cites to decisions within the Seventh Circuit to support its argument for remand. (*See* Reliance Br. in Supp. of Mot. at 18-19, ECF

---

[9] This is, in fact, consistent with the notations in Reliance's own claims file and its initial communications with Wallace. In a section of the claims file entitled "Eligibility," the claims records reflect, "Policy Effective Date 1/1/2013" and "Transfer of Coverage TRANSFER OF INSURANCE[.]" (A.R. at 49, ECF No. 42-1 at Pg ID 777.) In a letter to Wallace dated July 23, 2014, Reliance wrote, "According to the documentation within [the] claim file, the effective date of your coverage was January 1, 2013 …." (*Id*. at 82, Pg ID 810.)

12

No. 44 at Pg ID 1149-50.) It is unnecessary to turn to Seventh Circuit case law, however, as the Sixth Circuit has provided guidance in this situation.

In *Shelby County Health Care Corporation v. Majestic Star Casino, LLC*, 581 F.3d 355 (2009), the Sixth Circuit reiterated that "[w]here a district court determines that the plan administrator erroneously denied benefits, [it] 'may either award benefits to the claimant or remand to the plan administrator.'" *Id*. at 373 (quoting *Elliott v. Metro Life Ins. Co.*, 473 F.3d 613, 621 (6th Cir. 2006)). The *Majestic Star Casino* court explained, however, that both choices are not proper in every instance. "'[W]here the problem is with the integrity of the plan's decision-making process, rather than that a claimant was denied benefits to which he was clearly entitled,'" the court advised that, "'the appropriate remedy generally is remand to the plan administrator.'" *Id.* (quoting *Elliott*, 473 F.3d at 622 (brackets, additional quotation marks, and citation omitted). The court offered two examples of such procedural irregularities:

> For example, where the plan administrator fails to comply with ERISA's appeal-notice requirements in adjudicating a participant's claim, the proper remedy is to remand the case to the plan administrator "so that a 'full and fair review' can be accomplished." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 240 (4th Cir. 2008). … Remand also is appropriate where the plan administrator merely "fail[ed] ... to explain adequately the grounds of [its] decision." *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1288 (10th Cir. 2002).

*Majestic Star Casino*, 581 F.3d at 373. The court advised that a remand also is appropriate where the factual record is incomplete. *Id*. (citations omitted).

In comparison, the Sixth Circuit advised, "where there was no evidence in the record to support a termination or denial of benefits, an award of benefits is appropriate without remand to the plan administrator." *Id*. (internal quotation marks, brackets, and citations omitted). The court further explained: "where a plan administrator properly construes the plan documents but arrives at the 'wrong conclusion' that is 'simply contrary to the facts,' a court should award benefits." *Id*. at 373-74 (quoting *Grosz–Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1163 (9th Cir. 2001)).

The Sixth Circuit has found a remand unnecessary in a number of cases. For example, in *Majestic Star Casino*, the court concluded that "an award of benefits is the appropriate remedy" where "the problem with [the plan administrator]'s decision is not that it used defective procedures to arrive at the result, … but that it arrived at the wrong result." *Id*. at 374. Similarly, in *Shaw v. AT&T Umbrella Benefit Plan No. 1*, 795 F.3d 538 (6th Cir. 2015), the court concluded that a remand "would be a useless formality. Although the plan's decision-making process was unquestionably flawed, it is also clear that [the claimant] was denied benefits to which he is entitled." *Id.* at 551. The court found that the claimant's "medical records contain[ed] objective medical evidence that he is disabled." *Id.*

14

Further, in *Hayden v. Martin Marietta Materials, Inc. Flexible Benefits Program*, 763 F.3d 598 (6th Cir. 2014), the Sixth Circuit held that there was no need to remand the matter for additional consideration by the administrator, as the claimant "clearly established that she is mentally disabled under the terms of the Plan." *Id.* at 609.

In *Cooper v. Life Insurance Company of North America*, 486 F.3d 157 (6th Cir. 2007), the court found a remand to the administrator unnecessary where "objective medical evidence support[ed] the opinions of [the claimant]'s treating physicians" establishing that she was unable to work more than two to three hours per day and thus entitled to LTD benefits. *Id.* at 171-73. The *Cooper* court advised:

> Plan administrators should not be given two bites at the proverbial apple where the claimant is clearly entitled to disability benefits. They need to properly and fairly evaluate the claim the first time around; otherwise they take the risk of not getting a second chance, except in cases where the adequacy of [the] claimant's proof is reasonably debatable.

*Id.* at 172.

As the Sixth Circuit subsequently provided, a district court may remand "for the permissible purpose of further fact-finding to supplement what it felt was an incomplete record," but not for the "impermissible purpose of affording the plan administrator a chance to correct its reasoning for rejecting [the claimant]'s

15

application." *Javery v. Lucent Technologies, Inc. Long Term Disability Plan*, 741 F.3d 686, 700 (6th Cir. 2014). "'If the procedure were to become routine, it would pose a serious risk of simply allowing 'Mulligans' to sloppy plan-administrators—at the expense of both the courts and plan participants and beneficiaries.'" *Petrusich v. Unum Life Ins. Co. of Am.*, 984 F. Supp. 2d 1112, 1124 (D. Or. 2013) (quoting *Fleet v. Indep. Fed. Credit Union Emp. Benefit Plan*, No. 1:04cv0507, 2005 WL 1183177, at *3 (S.D. Ind. May 18, 2005) (unpublished)). The Seventh Circuit has cautioned against such a risk: "It would be a terribly unfair and inefficient use of judicial resources to continue remanding a case to [the plan administrator] to dig up new evidence until it found just the right support for its decision to deny an employee her benefits." *Dabertin v. HCR Manor Care, Inc.*, 373 F.3d 822, 832 (7th Cir. 2004) (citing *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 302 n.13 (5th Cir. 1999) (en banc)).

In Wallace's case, Reliance's decision did not suffer from a procedural defect. Instead, Reliance denied Wallace's claim for LTD benefits based on the policy's Pre-existing Coverage exclusion, a decision this Court has concluded was wrong based on the facts presented. If the administrative record is complete and no further fact-finding is needed to evaluate Wallace's claim, it would be improper under Sixth Circuit precedent to remand this matter to the plan administrator. A remand simply would afford Reliance the chance to correct its reasoning for

terminating Wallace's benefits or to dig up new evidence to support a different reason for denying her claim.

The Court finds the administrative record complete. Wallace's medical records contain objective medical evidence that she is totally disabled. Her treating physician, Michaele Oostendorp, D.O., writes in a January 28, 2014 letter that Wallace suffers from shortness of breath, tachycardia, adrenal insufficiency, growth hormone insufficiency, hypothyroidism, chronic fatigue, and vitamin B-12 and D deficiencies. (A.R. at 122, ECF No. 42-1 at Pg ID 850.) Dr. Oostendorp states that Wallace "is unable to work due to her immunosuppressed state. Her job [as a staff nurse] would cause a danger to herself." (*Id.*) Kristi Tesarz, the physician's assistant in Dr. Oostendorp's office, completed a social security questionnaire for Wallace at the plan administrator's request, which is dated May 27, 2014. (A.R. at 159-60, Pg ID 887-88.) P.A. Tesarz indicates that Wallace is unable to do any of the functions listed, and she checked the longest period listed on the questionnaire (sixteen months) for when Wallace was expected to achieve maximum medical improvement. (Id at 160, Pg ID 888.) These findings and conclusions are consistent with those of Wallace's endocrinologist, Opada Alzohaili, M.D. (*Id.* at 119, Pg ID 847.) Lab results in the administrative record support these findings. (*See, e.g., id*. at 117, 123, 175-79, Pg ID 845, 851, 903-07.) Drs. Oostendorp and Alzohaili both indicate that Wallace cannot work due to her

17

continued symptoms and possible immune system compromise related to her medications. (A.R. at 119, 122, Pg ID 847, 850.) There is no contrary evidence in the record. Reliance did not obtain an independent reviewer's opinion when it initially reviewed Wallace's LTD claim. It should not be allowed the opportunity to do so now to dig up evidence to support a new reason for rejecting her claim now that its initial reasoning has been rejected. *See Dabertin, supra*.

For these reasons, the Court concludes that Wallace is entitled to an award of LTD benefits in accordance with the terms of the Reliance policy.

## IV. <u>Conclusion</u>

For the reasons set forth above, the Court rejects Reliance's interpretation of its policy to preclude coverage for Wallace under the Pre-existing Condition exclusion. The administrative record reflects that Wallace is totally disabled and entitled to LTD benefits under the plan. The Court, therefore, awards Wallace benefits in accordance with the Reliance policy. Accordingly, the Court is **GRANTING** Wallace's motion for judgment and **DENYING** Reliance's motion for judgment.

The Court directs counsel for the parties to meet and confer to determine whether they can agree on the amount owed to Wallace for past due benefits, interest, and any amounts Wallace is seeking pursuant to ERISA Section 502(g), 29 U.S.C. § 1132(g). On or before November 27, 2017, they shall inform the

Court in writing as to whether an agreement has been reached. If there are no disputes as to the amount of the judgment to be entered by the Court, counsel shall prepare and submit a stipulated proposed judgment. If there are disputes, the Court will schedule a status conference with counsel to decide how to proceed.

**IT IS SO ORDERED**.

                                       s/ Linda V. Parker
                                       LINDA V. PARKER
                                       U.S. DISTRICT JUDGE

Dated: November 2, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 2, 2017, by electronic and/or U.S. First Class mail.

                                       s/ R. Loury
                                       Case Manager