UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL L. WALLACE,

    Plaintiff,

v.

Civil Case No. 16-10625
Honorable Linda V. Parker

BEAUMONT HEALTHCARE EMPLOYEE
WELFARE BENEFIT PLAN f/k/a
OAKWOOD HEALTHCARE, INC.
EMPLOYEE WELFARE BENEFIT PLAN,
HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, and
RELIANCE STANDARD LIFE INSURANCE CO.,

    Defendants.
_____/

## OPINION AND ORDER

Plaintiff Cheryl L. Wallace ("Plaintiff") filed this lawsuit on February 19, 2016, seeking long term disability ("LTD") benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). The Court dismissed Plaintiff's claims against all defendants except Reliance Standard Life Insurance Company ("Reliance") and entered summary judgment in favor of Plaintiff and against Reliance on November 2, 2017. (ECF No. 50.) In the decision granting summary judgment to Plaintiff, the Court rejected Reliance's basis for denying Plaintiff LTD coverage and found that the administrative record undisputedly reflects that Plaintiff is totally disabled and entitled to LTD benefits under

Reliance's plan. (*Id.*) At the close of the decision, the Court directed the parties to meet and confer to determine whether they could agree on the amount owed to Wallace for past due benefits, interest, and any amounts she was seeking under ERISA, and to inform the Court as to whether an agreement had been reached on or before November 27, 2017.

After several extensions of time, the parties were not able to reach an agreement. Therefore, Plaintiff submitted a proposed judgment to the Court. (ECF No. 53.) Reliance filed a brief objecting to the numbers proposed by Plaintiff (ECF No. 55), resulting in subsequent response and reply briefs. (ECF Nos. 56, 58.) The Court then referred the matter to Magistrate Judge Anthony Patti, hoping the parties could settle their disputes and close this matter. No settlement was reached.

On July 5, 2018, Plaintiff filed a supplemental statement reflecting an updated calculation of the past due LTD benefits owed to her and the additional costs and expenses she incurred in the briefing for the award issue and in the settlement proceedings. (ECF No. 64.) This spurred another round of briefing by the parties. (ECF Nos. 66, 67.) It is well past time to close this case and award Plaintiff the LTD benefits she is due.

First, the Court concludes that Plaintiff is entitled to LTD benefits calculated on the basis of her annual salary, which the administrative record reflects was

$66,830.40. (A.R. at 40, ECF No. 42-1 at Pg ID 768.) The LTD policy provides that for Class 3 employees, like Plaintiff, the monthly LTD benefit will be "60% of Covered Monthly Earnings …." (*Id.* at 9, Pg ID 737.) "Covered Monthly Earnings" are defined for Class 3 employees as "the Insured's monthly salary received from you on the first of the Policy month just before the date of Total Disability …." (*Id.* at 11, Pg ID 739.) However, the policy states that "[i]f an employee is paid on an annual basis, then the Covered Monthly Earnings will be determined by dividing the basic annual salary by 12." (*Id.*)

Next, the Court rejects Reliance's position that Plaintiff is entitled to LTD benefits for only a twenty-four-month period. Reliance bases this argument on its assertion that the Court only found Plaintiff totally disabled from her own occupation. In its November 2, 2017 decision, the Court did in fact quote the definition of "Total Disability" as used in the policy for purposes of the Elimination Period and the first 24 months for which a benefit is payable—that is, the definition based on the insured's "regular occupation." (ECF No. 50 at Pg ID 1236.) The Court did so, however, only in addressing *when* Plaintiff's disability began. (*Id.* at Pg ID 1235-36.) Nothing in the Court's decision suggested that it was limiting its discussion of Plaintiff's entitlement to LTD benefits to that definition. (*See id.* at Pg ID 1241-43.)

3

Instead, the Court found that the administrative record undisputedly reflects Plaintiff's inability to work, period. As the Court noted, Plaintiff's treating physician, Michaele Oostendorp, D.O., indicated that Plaintiff is unable to work due to her immunosuppressed state. (*Id.* at Pg ID 1242, citing A.R. at 122, ECF No. 42-1 at Pg ID 850.) Dr. Oostendorp did not restrict this conclusion to Plaintiff's occupation, only. (A.R. at 122, ECF No. 42-1 at Pg ID 850.) Moreover, a year after Plaintiff's total disability began, Kristi Tesarz, the physician's assistant in Dr. Oostendorp's office, reported that Plaintiff was unable to complete any functions necessary to perform any type of work. (*See id*. at 160, Pg ID 888.) P.A. Tesarz checked the longest period listed on the questionnaire (more than 16 months) for when Wallace was expected to achieve maximum medical improvement, which was a period beyond the 24-month "own occupation" period. (*Id*.) Further, although not determinative, it is significant that the Social Security Administration has approved Plaintiff for social security disability benefits, which requires a finding that Plaintiff is disabled from performing *any* jobs. Finally, the Court has made clear that Reliance should not have a second bite at the proverbial apple or a second opportunity to dig up evidence to support a new reason for rejecting Plaintiff's claim for LTD benefits. That is exactly what Reliance is attempting to do by contending that the Court's decision was limited to Plaintiff's entitlement to the first twenty-four months of benefits, only.

4

As such, a calculation of Plaintiff's past due benefits should not cease at twenty-four months but should extend until the date of the judgment. Further, the judgment should provide that Plaintiff is entitled to post-judgment LTD benefits in accordance with the terms of the policy.

The question of whether to award Plaintiff pre-judgment interest on the past due LTD benefits falls within the Court's discretion, consistent with equitable principles. *See Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 585 (6th Cir. 2002) (citing *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 616 (6th Cir. 1998)). The Court finds that prejudgment interest is appropriate to compensate Plaintiff for the wrongful deprivation of her monthly disability benefits since May 2013. With respect to the method or rate for calculating pre-judgment interest, the Sixth Circuit has held that a rate based upon the post-judgment interest rate in 28 U.S.C. § 1961 is appropriate. *Id.* at 585 n. 3 (citing Ford, 154 F.3d at 619). The *Caffey* Court also found that a stream-of-benefits model to calculate that interest avoids overcompensating a plaintiff for the delayed payment. *Id*. at 585-86. For the reasons stated previously, Plaintiff's entitlement to LTD benefits did not cease in 2015, and thus any calculation of interest should include the rates up to the date of the judgment.

Plaintiff shall submit a judgment which calculates prejudgment interest consistent with this decision. Post-judgment interest is mandated by statute, *see* 28

5

U.S.C. § 1961, and thus the judgment also should include such interest. Plaintiff further asks the Court to include an award of attorney's fees and costs pursuant to Section 502(g)(1) of ERISA. Plaintiff seeks an award of attorney's fees totaling $59,806.50 and costs totaling $3,861.76. (*See* ECF No. 64-2.)

Pursuant to ERISA, 29 U.S.C. § 1132(g), "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The party seeking fees need not be a "'prevailing party' to be eligible for an attorney's fee award." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252 (2010). Rather, the party must simply have achieved "some success on the merits." *Id.* at 256. "The punishment of bad faith litigants is a legitimate purpose under ERISA, but not the only purpose." *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1304 (6th Cir. 1991). When determining whether to award fees, the Sixth Circuit instructs courts to consider the following factors:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

*Sec'y of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985). "The *King* factors are not statutory … and need not be parsed as though they were[;] none of them is

6

necessarily dispositive." *Foltice v. Guardsman Prods.*, 98 F.3d 933, 937 (6th Cir. 1996).

There is no dispute that Plaintiff achieved "some success on the merits." (*See* ECF No. 55 at Pg ID 1287.) What Reliance disputes is Plaintiff's satisfaction of the *King* factors and the reasonableness of the award sought. For the reasons that follow, the Court finds that an analysis of the *King* factors warrants an award to Plaintiff of her reasonable fees and costs. The Court further concludes that a reasonable award includes most of the fees and costs sought.

Starting with the *King* factors, the Court finds that Reliance is culpable and in fact acted in bad faith in denying Plaintiff's application for LTD benefits and by unnecessarily protracting this litigation—thereby delaying for a substantial length of time Plaintiff's receipt of the benefits to which she is due. Reliance first tried to shift the responsibility for Plaintiff's benefits to Hartford Life and Accident Insurance Company and directed Plaintiff and her counsel on a lengthy process to recover her benefits elsewhere. Reliance concealed the "Transfer in Insurance Coverage" provision in its plan, which would have alerted Plaintiff and her counsel to Reliance's responsibility for her benefits. Reliance then filed a motion to dismiss based on a meritless defense and, after that motion was rejected, defended its denial decision based on an unreasonable interpretation of the insurance policy.

7

The second *King* factor—ability to pay a fee award—is considered "more for exclusionary than for inclusionary purposes." *Warner v. DSM Pharma Chems. N.A., Inc.*, 452 F. App'x 677, 682 (6th Cir. 2011). In any event, it is undisputed that Reliance has the financial ability to satisfy a fee award. (*See* ECF No. 58 at Pg ID 1437.)

The failure to award Plaintiff her attorneys' fees and costs may deter other unsuccessful ERISA welfare benefit applicants from pursuing their rights under the statute due to the expense of such litigation. On the other hand, awarding Plaintiff her attorney's fees and costs may discourage other plan administrators from denying benefits based on reasons unsupported by the facts or plan language and from engaging in conduct to prolong litigation and the payment of those benefits. *See Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 531 (6th Cir. 2008). Thus, the third *King* factor favors an award.

The fourth *King* factor does not weigh in favor of an award, as Plaintiff sought to vindicate only her rights and the case did not resolve any significant legal questions regarding ERISA. Nevertheless, as indicated above, no *King* factor is dispositive and not all need to be satisfied to warrant an award.

Finally, Plaintiff prevailed on the dispositive issue in this case and the Court believes that Reliance's rationale for denying her LTD benefits had little merit.

A review of the *King* factors leads the Court to conclude that awarding Plaintiff costs and attorney's fees is an appropriate exercise of its discretion. Nevertheless, as indicated, Reliance also contends that the fees Plaintiff seeks are unreasonable.

"Reasonableness" is the guiding standard for an attorney's fee award. *See Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stevenson*, 465 U.S. 886, 893 (1984)). "A reasonable fee is 'one that is adequate to compensate counsel, but does not produce windfalls to attorneys.'" *Id*. (brackets, ellipsis, and additional citations removed) (quoting *Blum*, 465 U.S. at 897). The lodestar method is the proper approach for determining the reasonableness of attorney's fees. *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). Under this method, the court multiplies the reasonable number of hours billed by a reasonable billing rate.

A reasonable billing rate is calculated using the "prevailing market rate in the relevant community." *Blum*, 465 U.S. at 895; *see also Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). This is the rate at which "lawyers of comparable skill and experience can expect to command within the venue of the court of record." *Adcock-Ladd*, 227 F.3d at 350. Courts can rely on state bar surveys and rates from cases as "evidence of a market rate …." *B & G Mining,*

*Inc. v. Dir., Office of Workers' Comp. Programs*, 522 F.3d 657, 664 (6th Cir. 2008) (citing cases).

Plaintiff calculates her attorney's fees based on an hourly rate of $395.00 for attorney John Conway and $125 for legal assistants William Savage and Trever Sims. Mr. Conway is a sole practitioner, who has been in practice for 19 years. (*See* ECF No. 53-3 at Pg ID 1261.) The State Bar of Michigan's 2017 Economics of Law Practice in Michigan survey reflects that for solo practitioners working in an office outside the home, the 75th percentile hourly rate is $295 and the 95th percentile hourly rate is $375. https://www.michbar.org/file/pmrc/articles/0000154.pdf. For attorneys with between 16 and 36 years of experience, the 75th percentile hourly rate is $325 and the 95th percentile is $475. *Id.* For attorneys specializing in employment law, the hourly rates in those same percentiles are $380 and $485, respectively. (*Id.*) These figures reflect that Mr. Conway's hourly rate is reasonable. Recent fee awards in ERISA actions within this district have approved $125 per hour rates for law clerks and paralegals. *See Leonhardt v. ArvinMeritor, Inc.*, No. 04-72845, 2008 WL 11399537, at *2 (E.D. Mich. Oct. 10, 2008) (citing cases). Thus, the Court finds the rates charged for Mr. Savage and Mr. Sims to also be reasonable.

Reliance initially asserts two objections to the hours billed. First, Reliance claims that Plaintiff includes numerous entries for work performed relative to other

10

defendants in the case. (*See* ECF No. 55 at Pg ID 1290.) The billing records submitted by Plaintiff's counsel reflect, however, that counsel did not charge for any of the entries Reliance identifies, except the following: (1) 2.5 hours expended to review the administrative record on January 28 and February 4 and 5, 2016, and (2) .2 hours for tasks on February 28, 2017. (*See* ECF No. 63.) Plaintiff has not responded to Reliance's objections regarding those 2.7 hours of billing, and thus has not set forth a reason why the hours should be included in the fee award. The Court therefore is deducting from the award the 2.7 hours billed at Mr. Conway's rate, or $1,066.50.

Second, Reliance argues that Plaintiff's counsel engaged in impermissible block billing and encourages the Court to therefore reduce the fees requested by 30%. Block billing is not impermissible, however, provided the description of the work is adequate. *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 371 (6th Cir. 2014) (citing *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 472 F.3d 253, 273 (6th Cir. 2007)). Plaintiff's counsel has provided sufficient detail regarding the individual tasks performed in the block billing entries for the Court to assess the reasonableness of those tasks. The Court therefore declines Reliance's request to reduce the fee award due to block billing.

Reliance raises additional challenges to the hours Plaintiff's counsel billed in preparing the judgment submitted after the failed settlement negotiations before

11

Magistrate Judge Patti and in responding to Reliance's objections to her revised numbers. (*See* ECF No. 66.) Specifically, Reliance argues that the requested fees are redundant, excessive, and duplicative. The Court does not agree. Only one law clerk and one attorney worked on the matters identified by Reliance—staffing that is not excessive. Further, it is not provident for a court to attempt to judge or dictate the method or approach for attorneys to draft or edit their filings.

Having reviewed the billing records submitted by Plaintiff's counsel, the Court finds the hours expended in this litigation to be reasonable (aside from those discussed above). The Court therefore concludes that Plaintiff is entitled to an award of $58,740.00 in attorney's fees and $3,861.76 in costs.

Plaintiff shall prepare a judgment consistent with this Opinion and Order and submit it to Reliance for comment regarding the pre-judgment interest calculation only. **Within fourteen (14) days of this Opinion and Order**, Plaintiff shall submit (i.e., not file on the docket) a judgment for the Court's signature. To the extent Reliance disagrees with Plaintiff's pre-judgment interest calculation and Plaintiff does not accept Reliance's alternative calculation, the parties shall submit their calculations to the Court by the same deadline.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 19, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 19, 2018, by electronic and/or U.S. First Class mail.

                                                      s/ R. Loury
                                                     Case Manager